UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-cv-20619

IXE AGRO USA, LLC,

      Plaintiff,

v.

STARR INDEMNITY & LIABILITY COMPANY

      Defendant

_____/

## ANSWER

Defendant, Starr Indemnity & Liability Company ("Starr") answers the Complaint of

Plaintiff, IXE Agro USA, LLC ("Plaintiff" or "IXE Agro") and states:

## NATURE OF THE ACTION

1.      Starr admits the allegations of paragraph 1 for purposes of jurisdiction only.  In all

other respects, Starr denies the allegations of paragraph 1.

## PARTIES, JURISDICTION, AND VENUE

2.      Starr admits the allegations of paragraph 2 for purposes of jurisdiction only.  In all

other respects, Starr denies the allegations of paragraph 2.

3.      Starr admits the allegations of paragraph 3 for purposes of jurisdiction only.  In all

other respects, Starr denies the allegations of paragraph 3.

4.      Starr admits the allegations of paragraph 4 for purposes of jurisdiction only.  In all

other respects, Starr denies the allegations of paragraph 4.

5.      Starr admits that it is authorized to conduct business in the State of Florida.  In all other respects, Starr denies the allegations of Paragraph 5 including subparagraphs (d), (e), and (f).

6.      Starr admits the allegations of paragraph 6 for purposes of venue only.  In all other respects, Starr denies the allegations of paragraph 6.

7.      Starr is without sufficient knowledge or information to admit the allegations of paragraph 7.  To the extent an answer is required, Starr denies the allegations of paragraph 7.

8.      Starr admits that Plaintiff is represented by counsel in this lawsuit.  In all other respects, Starr denies the allegations of paragraph 8.

## FACTUAL ALLEGATIONS

9.      Starr admits issuance of an insurance policy to IXE Agro, policy number: 1000052145131, for the policy period September 10, 2013 to September 10, 2014 ("Starr policy").  Starr further states that the Starr policy speaks for itself, is the best evidence of its content, and must be read as a whole when interpreting the parties' rights and obligations thereunder.  In all other respects, Starr denies the allegations of Paragraph 9.

10.     Starr states that the Starr policy speaks for itself, is the best evidence of its content, and must be read as a whole when interpreting the parties' rights and obligations thereunder.  In all other respects, Starr denies the allegations of Paragraph 10.

11.     Starr states that the Starr policy speaks for itself, is the best evidence of its content, and must be read as a whole when interpreting the parties' rights and obligations thereunder.  In all other respects, Starr denies the allegations of Paragraph 11 including footnote 2.

12.      Starr states that the Starr policy speaks for itself, is the best evidence of its content, and must be read as a whole when interpreting the parties' rights and obligations thereunder.  In all other respects, Starr denies the allegations of Paragraph 12.

13.      Starr states that the Starr policy speaks for itself, is the best evidence of its content, and must be read as a whole when interpreting the parties' rights and obligations thereunder.  In all other respects, Starr denies the allegations of Paragraph 13.

14.      Starr states that the Starr policy speaks for itself, is the best evidence of its content, and must be read as a whole when interpreting the parties' rights and obligations thereunder.  In all other respects, Starr denies the allegations of Paragraph 14.

15.      Starr admits that a lawsuit was filed in the Miami-Dade County circuit court and assigned Case No. 14-6556 CA 25 ("underlying lawsuit"). Starr further states that any complaint in the underlying lawsuit speaks for itself, is the best evidence of its content, and must be read as a whole with all attachments when reciting its allegations.  In all other respects, Starr denies the allegations of Paragraph 15.

16.      Starr admits that Exhibit B is the verified amended complaint filed in the underlying lawsuit without attachments. Starr states that any complaint in the underlying lawsuit, including Exhibit B, speaks for itself, is the best evidence of its content, and must be read as a whole with all attachments when reciting its allegations.  Answering further, Starr denies any interpretation of the verified amended complaint that does not conform to the plain language.

17.      Starr states that any complaint in the underlying lawsuit, including Exhibit B, speaks for itself, is the best evidence of its content, and must be read as a whole with all attachments when reciting its allegations.  Answering further, Starr denies any interpretation of the verified amended complaint that does not conform to the plain language.

18.     Starr states that any complaint in the underlying lawsuit, including Exhibit B, speaks for itself, is the best evidence of its content, and must be read as a whole with all attachments when reciting its allegations.  Answering further, Starr denies any interpretation of the verified amended complaint that does not conform to the plain language.

19.     Starr states that any complaint in the underlying lawsuit, including Exhibit B, speaks for itself, is the best evidence of its content, and must be read as a whole with all attachments when reciting its allegations.  Answering further, Starr denies any interpretation of the verified amended complaint that does not conform to the plain language.

20.     Starr is without sufficient knowledge or information to admit the allegations of paragraph 20.  To the extent an answer is required, Starr denies the allegations of paragraph 20.

21.     Starr is without sufficient knowledge or information to admit the allegations of paragraph 21.  To the extent an answer is required, Starr denies the allegations of paragraph 21.

22.     Starr states that any complaint in the underlying lawsuit speaks for itself, is the best evidence of its content, and must be read as a whole with all attachments when reciting its allegations.  Answering further, Starr denies any interpretation of any pleading in the underlying lawsuit that does not conform to the plain language.  Starr further states that the Starr policy speaks for itself, is the best evidence of its content, and must be read as a whole when interpreting the parties' rights and obligations thereunder. In all other respects, Starr denies the allegations of Paragraph 22, including footnote 3.

23.     Starr admits that IXE Agro and Alejandro Garcia sought coverage in connection with the underlying lawsuit.  Starr further states that the Starr policy speaks for itself, is the best evidence of its content, and must be read as a whole when interpreting the parties' rights and obligations thereunder.  In all other respects, Starr denies the allegations of Paragraph 23.

4

24.     Starr denies the allegations contained in Paragraph 24.

25.     Starr denies the allegations contained in Paragraph 25.

26.     Starr denies the allegations contained in Paragraph 26.

27.     Starr is without sufficient knowledge or information to admit the allegations of paragraph 27.  To the extent an answer is required, Starr denies the allegations of paragraph 27.

28.     Starr admits that a second amended complaint was filed in the underlying lawsuit. Starr states that the second amended complaint in the underlying lawsuit speaks for itself, is the best evidence of its content, and must be read as a whole with all attachments when reciting its allegations.  Answering further, Starr denies any interpretation of the second amended complaint in the underlying lawsuit that does not conform to the plain language.

29.     Starr denies the allegations contained in Paragraph 29.  Starr is without sufficient knowledge or information to admit the allegations of paragraph 29, footnote 4.

30.     Starr is without sufficient knowledge or information to admit the allegations of paragraph 30.  To the extent an answer is required, Starr denies the allegations of paragraph 30.

31.     Starr admits that it sent correspondence to IXE Agro dated August 25, 2014. Answering further, Starr states that the correspondence dated August 25, 2014 speaks for itself. In all other respects, Starr denies the allegations of Paragraph 31.

32.     Starr states that the correspondence dated August 25, 2014 speaks for itself.  In all other respects, Starr denies the allegations of Paragraph 32.

33.     Starr states that the correspondence dated August 25, 2014 speaks for itself. Answering further, Starr states that the Starr policy speaks for itself, is the best evidence of its content, and must be read as a whole when interpreting the parties' rights and obligations

thereunder. In all other respects, Starr denies the allegations of Paragraph 33, including footnote 5.

34. Starr states that the correspondence dated August 25, 2014 speaks for itself. In all other respects, Starr denies the allegations of Paragraph 34.

35. Starr is without sufficient knowledge or information to admit the allegations of paragraph 35. To the extent an answer is required, Starr denies the allegations of paragraph 35.

36. Starr states that the correspondence dated September 18, 2014 speaks for itself. In all other respects, Starr denies the allegations of Paragraph 36.

37. Starr states that IXE Agro and Garcia accepted a defense under a reservation of rights. Answering further, Starr states that Dale Friedman was retained to defend IXE Agro and Garcia under a reservation of rights, and that she prepared an ATLP, which speaks for itself. In all other respects, Starr denies the allegations of Paragraph 37.

38. Starr states that IXE Agro and Garcia accepted a defense under a reservation of rights. Answering further, Starr states that Dale Friedman was retained to defend IXE Agro and Garcia under a reservation of rights, and that she prepared an ATLP, which speaks for itself. In all other respects, Starr denies the allegations of Paragraph 38, including footnote 6.

39. Starr states that the correspondence from Plaintiff to Starr dated September 25, 2014 speaks for itself. In all other respects, Starr denies the allegations of Paragraph 39.

40. Starr states that the correspondence from Plaintiff to Starr dated September 25, 2014 speaks for itself. In all other respects, Starr denies the allegations of Paragraph 40. Starr is without sufficient knowledge or information to admit the allegations of paragraph 40, footnote 7.

41. Starr states that the correspondence from Starr to Plaintiff dated September 25, 2014 speaks for itself. In all other respects, Starr denies the allegations of Paragraph 41.

42.     Starr states that the correspondence from Starr to Plaintiff dated September 25, 2014 speaks for itself.  In all other respects, Starr denies the allegations of Paragraph 42.

43.     Starr denies the allegations contained in Paragraph 43.

44.     Starr denies the allegations contained in Paragraph 44.

45.     Starr states that Friedman's ATLP speaks for itself.  In all other respects, Starr denies the allegations of Paragraph 45.

46.     Starr admits that the underlying lawsuit was dismissed with prejudice.  In all other respects, Starr denies the allegations of Paragraph 46.

47.     Starr denies the allegations contained in Paragraph 47.

48.     Starr states that the correspondence from Plaintiff to Starr dated December 16, 2014 speaks for itself.  In all other respects, Starr denies the allegations of Paragraph 48.

49.     Starr states that the correspondence from Starr to Plaintiff dated December 29, 2014 and January 12, 2015 speaks for itself.  In all other respects, Starr denies the allegations of Paragraph 49.

50.     Starr denies the allegations contained in Paragraph 50.

51.     Starr is without sufficient knowledge or information to admit the allegations of paragraph 51.

## COUNT I – BREACH OF CONTRACT
### (Duty to Defend)

52.     Starr adopts and re-alleges its response to paragraphs 1 – 51 as its response to paragraph 52.

53.     Starr admits issuance of the Starr policy. Starr further states that the Starr policy speaks for itself, is the best evidence of its content, and must be read as a whole when

interpreting the parties' rights and obligations thereunder.  In all other respects, Starr denies the allegations of Paragraph 53.

54.    Starr denies the allegations contained in Paragraph 54.

55.    Starr denies the allegations contained in Paragraph 55.

WHEREFORE, Plaintiff is not entitled to judgment, damages, or any other relief whatsoever.

## COUNT II –BREACH OF CONTRACT
### (Duty to Indemnify)

56.    Starr adopts and re-alleges its response to paragraphs 1 – 51 as its response to paragraph 56.

57.    Starr admits issuance of the Starr policy.  Starr further states that the Starr policy speaks for itself, is the best evidence of its content, and must be read as a whole when interpreting the parties' rights and obligations thereunder.  In all other respects, Starr denies the allegations of Paragraph 57.

58.    Starr denies the allegations contained in Paragraph 58.

59.    Starr denies the allegations contained in Paragraph 59.

WHEREFORE, Plaintiff is not entitled to judgment, damages, or any other relief whatsoever.

## COUNT III – DECLARATORY JUDGMENT
### (Duty to Defend)

60.    Starr adopts and re-alleges its response to paragraphs 1 – 51 as its response to paragraph 60.

61.    Starr admits the allegations of paragraph 61 for purposes of jurisdiction only.  In all other respects, Starr denies the allegations of paragraph 61.

62.     Starr admits the allegations of paragraph 62 for purposes of jurisdiction only.  In all other respects, Starr denies the allegations of paragraph 62.

63.     Starr denies the allegations contained in Paragraph 63.

64.     Starr denies the allegations contained in Paragraph 64.

WHEREFORE, Plaintiff is not entitled to declaratory judgment in its favor for any relief whatsoever.

## COUNT IV – DECLARATORY JUDGMENT
### (Duty to Indemnify)

65.     Starr adopts and re-alleges its response to paragraphs 1 – 51 as its response to paragraph 65.

66.     Starr admits the allegations of paragraph 66 for purposes of jurisdiction only.  In all other respects, Starr denies the allegations of paragraph 66.

67.     Starr admits the allegations of paragraph 67 for purposes of jurisdiction only.  In all other respects, Starr denies the allegations of paragraph 67.

68.     Starr denies the allegations contained in Paragraph 68.

69.     Starr denies the allegations contained in Paragraph 69.

WHEREFORE, Plaintiff is not entitled to declaratory judgment in its favor for any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.     The burden is on Plaintiff to establish the existence, terms and conditions of the Starr policy, and Starr can have no obligation whatsoever under the Starr policy until Plaintiff has met its burden.

2.      To the extent that the allegations in the operative complaint in the underlying lawsuit against IXE Agro and Garcia fail to fall within the Starr policy's insuring agreement, Starr has no defense or indemnity obligations to Plaintiff.

3.      If coverage is deemed to exist under the Starr policy, coverage may be barred, in whole or in part, by the operation of the Starr policy's known falsity exclusion [B.p.(2)] for "Personal and advertising injury": (2) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity", including any such publication by Garcia.

4.      If coverage is deemed to exist under the Starr policy, coverage may be barred, in whole or in part, by the operation of the Starr policy's breach of contract exclusion [B.p.(5)] for "Personal and advertising injury: Arising out of a breach of contract….", including damages for "personal and advertising injury" arising out of a breach of the IXE Agro Limited Liability Company Agreement.

5.      If coverage is deemed to exist under the Starr policy, coverage would be voided due to noncompliance with the Starr policy's no settlement without consent provision [E.2.d.], to the extent that Plaintiff voluntarily made any payments, assumed any obligations, or incurred any expense related to the underlying lawsuit, including attorney's fees, costs, and settlement in connection with the underlying lawsuit.

6.      If coverage is deemed to exist under the Starr policy, coverage would be voided due to noncompliance with the Starr policy's cooperation conditions [E.2.c.(3)], to the extent that Plaintiff failed to cooperate with Starr in the investigation, settlement, or defense of the underlying lawsuit.

7.      If coverage is deemed to exist under the Starr policy, Starr has no defense or indemnity obligation with respect to attorney's fees and costs incurred before the lawsuit was tendered to Starr.

8.      If coverage is deemed to exist under the Starr policy, Starr has no defense or indemnity obligation with respect to attorney's fees and costs incurred after defense counsel was appointed to defend the insured under a reservation of rights.

9.      If coverage is deemed to exist under the Starr policy, Starr has no defense or indemnity obligation with respect to unreasonable or unnecessary attorney's fees and costs incurred by Plaintiff.

10.     If coverage is deemed to exist under the Starr policy, Starr has no indemnity obligation to the extent Plaintiff fails to allocate the settlement between covered and uncovered claims.

11.     Plaintiff's complaint may be barred or subject to dismissal to the extent the Plaintiff failed to join all interested, required, necessary and/or indispensable parties, such as other insurance carriers that may provide coverage in connection with the underlying lawsuit.

12.     If coverage is deemed to exist under the Starr policy, the Starr policy operates in excess of and does not contribute with any other valid and collectible insurance available to the Plaintiff as an insured under any other policy.

13.     If coverage is deemed to exist under the Starr policy, Starr may be entitled to contribution, indemnification, off-set, or have rights of subrogation, including other insurers.

14.     To the extent that Plaintiff's Complaint contains insufficient information to permit Starr to raise all appropriate defenses, Starr reserves the right to amend or supplement its answer and defenses.

Respectfully submitted,

By:_____/s/ Joel D. Adler_____
**Joel D. Adler, Esq.** (FBN:  283223)
Email:  jadler@marlowadler.com
**Josh Levy, Esq.** (FBN: 668311)
Email:  jlevy@marlowadler.com
**MARLOW ADLER ABRAMS**
 **NEWMAN & LEWIS**
4000 Ponce de Leon Boulevard, #570
Coral Gables, FL 33146
Telephone:  (305) 446-0500
Facsimile:  (305) 446-3667
*Attorneys for Defendant, Starr Indemnity*
*& Liability Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed this 24th day of March, 2015, with the Clerk of Court via CM/ECF which provides a notice of electronic filing to:

**Counsel for Plaintiff**

**Michael N. Kreitzer, Esq.**
Email:  mkreitzer@bilzin.com
**Joseph Mamounas, Esq.**
Email: jmamounas@bilzin.com
**BILZIN SUMBERG BAENA PRICE & AXELROD, LLP**
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456
Telephone: (305) 374-7580

By:_____/s/ Joel D. Adler_____
**Joel D. Adler, Esq.** (FBN:  283223)